LEMMON, Justice,
concurring.
I concur in the result because I believe that the trial court must have available the option to grant a defense motion to close pretrial proceedings to the press and general public if other means of obviating the prejudicial effects of pretrial publicity do not appear to be reasonably effective means of accomplishing the same result.[1]
Before granting a defense motion to close a pretrial hearing, the judge should consider alternative means of eliminating or minimizing prejudicial effects, and the record should reflect the judge’s reasons for determining that closing the hearing is the only reasonable method. See United States v. Criden, 675 F.2d 550 (3rd Cir.1982). The judge should at least explore the option of using such alternatives as continuance, change of venue, individual voir dire of jurors (out of the presence of other prospective jurors), and other such means (including voluntary cooperation of the media in agreeing not to disclose details) to avoid the prejudicial effect of pretrial publicity.
In making the decision respecting closure, the judge should also consider such factors as the nature of the crime (certainly the fact that defendant is exposed to the death penalty is very important), the amount of publicity generated by the commission of the offense and arrest of the offender, the nature of the issues being considered at the pretrial hearing, and the probable length of time between the pretrial hearing and the trial on the merits. See United States v. Criden, above; Smith v. District Court, 654 P.2d 982 (Mont.1982), 32 Crim.L.Rep. 2295.
In sum, although I share some of Justice Dennis’ well-expressed concerns, I do not believe that La. Const. Art. I, § 22 (1974) should be construed as an absolute prohibition against the closure of a pretrial hearing under any circumstances.[2]

. As Justice Powell stated in a concurring opinion in Gannett Co. v. DePasquale, 443 U.S. 368, 99 S.Ct. 2898, 61 L.Ed.2d 608 (1979), the question for the court is whether “a fair trial for the defendant is likely to be jeopardized by publicity, if members of the press and public are present and free to report prejudicial evidence that will not be presented to the jury”. (Emphasis supplied.) 443 U.S. at 400, 99 S.Ct. at 2916.

. In my opinion, Section 22’s guarantee of open courts primarily refers to availability to litigants of adequate remedy by legal procedures.